**JACOBS DEBRAUWERE LLP**
445 Park Avenue, 17th Floor
New York, NY 10022
(212) 207-8787
(212) 207-8727
John F. Burleigh (JB-3240)
Attorneys for Defendants Drew Kerr and
Four Corners Communications, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RONN TOROSSIAN and 5W PUBLIC RELATIONS, LLC,

                Plaintiffs,

           -against-

DREW KERR, FOUR CORNERS COMMUNICATIONS,
INC., REGISTER.COM, INC., and DOMAIN
DISCREET,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    :   No. 08 Civ. 10519 (NRB)(FM)

    :   **ECF FILED**

    :

    :

    :

## ANSWER OF DEFENDANTS DREW KERR AND
## FOUR CORNERS COMMUNICATIONS, INC.

Defendants Drew Kerr and Four Corners Communications, Inc. (the "Answering Defendants"), by and through their undersigned attorneys, as and for their Answer to the Complaint herein, allege as follows upon information and belief:

1.    Deny the allegations in paragraph 1 of the Complaint.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.      Deny the allegations of paragraph 4 of the Complaint, except admit that Four Corners Communications, Inc. ("Four Corners") was founded by Drew Kerr.

5.      Deny the allegations of paragraph 5 of the Complaint, except admit that Four Corners is a New York corporation.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      The allegations of paragraph 8 of the Complaint state legal conclusions to which no response is required.

9.      The allegations of paragraph 9 of the Complaint state legal conclusions to which no response is required.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, except deny that Torossian is a "well-renowned name and leader in the in the field of public relations both in New York City and nationwide," and deny that he has a "good reputation within the public relations industry."

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.      Deny the allegations of paragraph 12 of the Complaint.

13.      Deny the allegations of paragraph 13 of the Complaint to the extent they presuppose the allegations in paragraph 12 of the Complaint, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     Deny the allegations of paragraph 14 of the Amended Complaint, except admit that Torossian is well-known in the public relations community in the United States for cybersquatting by buying up domain names of rival public relations firms and routing users to his own website.

15.     Deny the allegations of paragraph 15 of the Complaint.

16.     Deny the allegations of paragraph 16 of the Complaint.

17.     Deny the allegations of paragraph 17 of the Complaint.

18.     Deny the allegations of paragraph 18 of the Complaint, except admit that on or about August 15, 2006, defendant Kerr acquired the domain name www.ronntorossianpr.com through Register.com.

19.     Deny the allegations of paragraph 19 of the Complaint, except aver that sometime on or around August 15, 2006 and, in any event, prior to September 10, 2006, defendant Kerr posted a photograph of a "Summer's Eve Douche" package on a website that was reached via use of the domain name www.ronntorossianpr.com.

20.     Deny the allegations of paragraph 20 of the Complaint, and further aver the following:  In August 2006, defendant Kerr was reading both in newspapers and online about how Torossian had bought domain names containing the names of rivals to his public relations company and had redirected Internet traffic to Torossian's own 5W website.  For example, with respect to Susan Blond PR, a competing public relations firm whose real website is susanblondinc.com, Torossian had registered the domain name susanblondpr.com and then linked it to Torossian's own 5W website.  After reading about Torossian's actions, on August 15, 2006 Kerr purchased through Register.com, an Internet domain registrar, the domain name "www.ronntorossianpr.com" (i.e., the parallel domain name to what Torossian had registered for

Susan Blond PR).  Shortly thereafter, Kerr created a website linking users of that domain name to a photograph of a package of a Summer's Eve Douche.  Through his own registration and linkage of "www.ronntorossianpr.com," Kerr thus sought to express his negative opinion of Torossian's own behavior.

21.     Deny the allegations of paragraph 21 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs attempted to contact Defendants to demand that they cease using the domain names [sic] and transfer them [sic] to Plaintiffs."

22.     Deny the allegations of paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     Deny the allegations of paragraph 24 of the Complaint.

25.     Deny the allegations of paragraph 25 of the Complaint.

26.     Admit the allegations of paragraph 26 of the Complaint, except deny that "Torossian" is a trademark and deny that a license from plaintiffs was required to use the domain name and website in question.

27.     Deny the allegations of paragraph 27 of the Complaint.

28.     Deny the allegations of paragraph 28 of the Complaint.

29.     As and for their response to paragraph 29 of the Complaint, the Answering Defendants refer to their responses to paragraphs 1-28 of the Complaint.

30.     Deny the allegations of paragraph 30 of the Complaint.

31.     Deny the allegations of paragraph 31 of the Complaint.

32.     Deny the allegations of paragraph 32 of the Complaint.

33.     As and for their response to the allegations contained in paragraph 33 of the Complaint, the Answering Defendants repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

34.     Deny the allegations of paragraph 34 of the Complaint.

35.     Deny the allegations of paragraph 35 of the Complaint.

36.     Deny the allegations of paragraph 36 of the Complaint.

37.     As and for their response to the allegations contained in paragraph 37 of the Complaint, the Answering Defendants repeat and reallege their responses to paragraphs 1-36 of the Complaint as if fully set forth herein.

38.     Deny the allegations of paragraph 38 of the Complaint.

39.     Deny the allegations of paragraph 39 of the Complaint.

40.     Deny the allegations of paragraph 40 of the Complaint.

41.     Deny the allegations of paragraph 41 of the Complaint.

42.     Deny the allegations of paragraph 42 of the Complaint.

43.     As and for their response to the allegations contained in paragraph 43 of the Complaint, the Answering Defendants repeat and reallege their responses to paragraphs 1-42 of the Complaint as if fully set forth herein.

44.     Deny the allegations of paragraph 44 of the Complaint, but admit that defendant Kerr registered and used the domain name www.ronntorossianpr.com.

45.     Deny the allegations of paragraph 45 of the Complaint, but admit that the domain name www.ronntorossianpr.com partly consists of Torossian's name.

46.     Deny the allegations of paragraph 46 of the Complaint.

47.     Deny the allegations of paragraph 47 of the Complaint.

48.     Deny the allegations of paragraph 48 of the Complaint.

49.     As and for their response to the allegations contained in paragraph 49 of the Complaint, the Answering Defendants repeat and reallege their responses to paragraphs 1-48 of the Complaint as if fully set forth herein.

50.     Deny the allegations of paragraph 50 of the Complaint.

51.     Deny the allegations of paragraph 51 of the Complaint.

52.     Deny the allegations of paragraph 52 of the Complaint.

53.     Deny the allegations of paragraph 53 of the Complaint.

54.     Deny the allegations of paragraph 54 of the Complaint.

55.     Deny the allegations of paragraph 55 of the Complaint.

56.     No response to the jury demand in paragraph 56 is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of any defense that rests with plaintiff, the Answering Defendants state as follows:

1.      Plaintiffs' claims against the Answering Defendants are barred, in whole or in part, because the Complaint fails to state a claim against the Answering Defendants upon which relief may be granted.

2.      Under the abstention doctrine of *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), plaintiffs' claims in this action should be dismissed or stayed pending a determination by the New York Supreme Court, New York County, on the claims in *Torossian et al. v. Kerr et al.*, Index No. 116167/08, which duplicate plaintiffs' claims in this action and which arise from identical factual allegations.

3.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs cannot establish any damages in connection with the Answering Defendants' alleged actions.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, laches, unclean hands and/or estoppel.

5.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs have notoriously committed blatant acts of cybersquatting against their competitors in the public relations community.

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

7.      Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants have not used Torossian's name or any trademark owned by plaintiffs in connection with the sale, distribution or advertisement of any goods or services.

8.      Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants have not attempted to sell the domain name www.ronntorossian.com to anyone, nor have they in any way profited or attempted to profit from the use of that domain name.

9.      Plaintiffs' claims are barred, in whole or in part, because the sole purpose and effect of the Answering Defendants' use of Torossian's name has been to express their Constitutionally protected opinion of him.

10.     Plaintiffs' claims are barred, in whole or in part, because of the Answering Defendants' good faith in using Torossian's name.

11.     The Answering Defendants reserve the right to amend this Answer to raise and rely on any defenses that become available or apparent during discovery.

**WHEREFORE**, the Answering Defendants respectfully request and pray as follows:

1.      That Plaintiffs take nothing of the Answering Defendants by the Complaint;

2.      That the claims asserted in this action against the Answering Defendants be dismissed in their entirety, with prejudice, against the Answering Defendants;

3.      That the Answering Defendants recover their costs of suit, including reasonable attorneys' fees, pursuant to the Lanham Act, 15 U.S.C. § 1117(a), and 15 U.S.C. § 8131(2).

4.      That under the abstention doctrine of *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976), plaintiffs' claims in this action be dismissed or stayed pending a determination by the New York Supreme Court, New York County, on the claims in *Torossian et al. v. Kerr et al.*, Index No. 116167/08.

5.      For such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 13, 2009

                                    JACOBS DEBRAUWERE LLP

                                    By: *[signature]*
                                    John F. Burleigh (JB-3240)
                                    Attorneys for Defendants Drew Kerr and
                                    Four Corners Communications, Inc.
                                    445 Park Avenue, 17th Floor
                                    New York, NY 10022
                                    (212) 207-8787